**MADISON OPERATING CORPORATION, a Florida corporation, v. PHILIP W. PATTERSON.**

19 So. (2nd) 835
December 5, 1944
Rehearing denied December 20, 1944

June Term, 1944
Division B

*Blackwell, Walker & Gray,* for appellant.

*McKay, Dixon & DeJarnette,* for appellee.

BUFORD, C. J.:

From a judgment in favor of the plaintiff in the sum of $4500.00, defendant brings its appeal.

The defendant was an operating hotel; plaintiff was a guest at and in the hotel. The hotel was located on the ocean-front in Miami Beach, Florida. At the time of the injury which constituted the basis of this suit the Army-ordered blackout was in force and effect throughout the area in which the hotel was located. The hotel faces Collins Avenue and was so constructed that two extensions protruded from the main body of the hotel toward the Atlantic Ocean with a space between the extensions on part of which there was a paved terrace next to the main body of the hotel and beyond the terrace, between the extensions, there was a swimming pool; then east of the swimming pool and east of the extensions there were concrete walks which abutted on the beach-front. In this space between the extensions above mentioned and near the walk-ways numerous palm trees grew. Around the base of each palm tree there was a circular space where grass was planted and along-side the walk-ways between the palm trees grass was planted. The grass was protected by stakes estimated in the record between 18 inches and 2 feet high, being driven down next to the walk-ways and having stretched from stake to stake large cords or small ropes.

The injury to plaintiff occurred in the night time. He was fully warned that the terrace where music was being furnished by the hotel and all that space between the hotel and the ocean was unlighted because of the Army-ordered blackout and, while he was not prohibited but may have been invited to go into that area, he was definitely warned that he was going into the dark; that the area would not be lighted and that he would not be allowed to light the area. With this information, he went into that area, and following

his own purposes and desires, he went to a space between the hotel building and the ocean-front but remained on the walks belonging to the hotel. Having approached the extreme outside walk, he decided that he desired to procure a chair and seat himself as near as was allowed to the ocean. He went back along the walkways and discovered a chair which he picked up and started to return to the place where he desired to be seated. As he went back with the chair in his hands his left foot came in contact with one of the stakes above referred to and he tripped and fell.

The record shows that that stake was probably against but outside the concrete walkway and that in striking the stake his foot was crossing the elipse between the walkway and the bowl of the palm tree around which the grass was planted and which grass the stake was erected to protect.

There is nothing in the record to indicate whether the plaintiff saw the stakes with the ropes or cords around the tops; whether or not he knew that these stakes were where they were, but the record is clear and uncontradicted that he was wandering or going about on the concrete walkways in the night time and on a dark night, being fully advised that he could not have the benefit of lights; that he was undertaking to move for his own convenience and pleasure a chair from one place to another and that he stumbled against a stick which the hotel had erected on its property for a lawful purpose and within its rights.

There is nothing in the record which indicates that if the plaintiff had exercised ordinary care he could not have seen the stake against which he stumbled and have avoided the injury.

There is nothing in the record which shows that defendant was guilty of actionable negligence.

In the instant case it appears not only that the defendant is not shown to be guilty of any actionable negligence but it is also affirmatively shown that if the defendant was guilty of any negligence whatever the plaintiff contributed to the injury by his own negligence.

Other questions have been considered but it appears that in the light of the conclusion which we have reached and

stated, supra, no useful purpose may be served by discussing them here.

The judgment should be reversed and it is so ordered.

Reversed.

TERRELL, BROWN, SEBRING and ADAMS, JJ., concur.

CHAPMAN and THOMAS, JJ., dissent.

